Fred J. WELLNITZ, # 65994, Petitioner,

v.

Ray PAGE, Respondent.

No. A–14510.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1968.

Fred J. Wellnitz, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which Fred J. Wellnitz, hereinafter referred to as defendant, seeks his release from confinement in the State Penitentiary where he is currently imprisoned by virtue of judgments and sentences rendered against him in the District Court of Oklahoma County, Cases No. 27185, 27186, 27187, and 27188, wherein he was sentenced to 50 years, 25 years, 50 years, and 25 years.

Petitioner alleges that his pleas of guilty were solicited and induced under the representation of his court-appointed counsel that he would receive sentences totaling 25 years, but that in truth and in fact, the sentences imposed were two 25 year sentences to run concurrently with a 50 year sentence and an additional sentence of 50 years to run consecutively to the original 50 year sentence.

Petitioner further alleges that he gave notice in open court of his intention to appeal from the order of the trial court overruling his motion to withdraw his pleas of guilty after the rendition of judgments and sentences and that the trial court granted a transcript at public expense, but that no appeal was ever perfected to this Court by reason of the fact that said transcript was suppressed by the then County Attorney.

At the outset we observe that the defendant does not seek post conviction review of the judgments and sentences rendered against him, but rather asserts that his pleas of guilty were entered under the representation he would receive sentences less than that imposed.

In the State's response, they have filed what in essence is a transcript of the trial proceedings. These records reflect that the defendant appeared in open court with two attorneys, freely and voluntarily entered pleas of guilty and thereafter offered evidence in mitigation of punishment. The evidence in mitigation of punishment was stipulated to by the State, whereupon coun-

sel for defendant stipulated that if the officers were called to testify, their testimony would be in substantial accordance with their investigation report, which report was admitted without objection and by stipulation of the respective parties submitted in aggravation of punishment.

The record further reflects that after carefully reviewing the evidence offered in mitigation and aggravation of punishment, the trial court imposed the above referred to judgments and sentences. The record further reflects that after judgments and sentences the defendant, by and through his attorney, sought to withdraw the pleas of guilty previously entered, and that the same were denied by the trial court; whereupon notice of intention to appeal to this Court and request for casemade at public expense was duly requested by defense counsel and ordered by the court. The record further reflects that the transcript of these proceedings was prepared at state expense but never filed in this Court within the time provided by law.

The issues here presented may be considered whether on appeal or by way of habeas corpus and from our examination of the record, we are of the opinion that the defendant knowingly and voluntarily entered pleas of guilty with full knowledge of the nature and consequences of said pleas. We are of the further opinion in the light of the offer of evidence in mitigation by the defense and aggravation by the State that the defendant's pleas of guilty were not induced by any promise of leniency in return for the pleas of guilty. It is abundantly clear that both parties understood that the trial court would independently determine the sentences to be imposed on the several pleas of guilty basing said sentences upon the evidence offered in aggravation and mitigation of punishment. We are of the further opinion that defendant's assertion that the transcript was suppressed by the county attorney is not supported by the record.

This leads us to a consideration of whether the trial court erred in refusing to allow the defendant to withdraw his pleas of guilty after the rendition of judgments and sentences. We have repeatedly held that the granting or denying of permission to withdraw a plea of guilty either before or after judgment and substitute a plea of not guilty is a matter within the sound discretion of the trial court. Under the facts in the instant case, we are of the opinion that the trial court did not abuse its discretion in denying the defendant permission to withdraw the pleas of guilty after the rendition of the judgments and sentences.

For the reasons above set forth the writ prayed for is accordingly denied. Writ denied.

BRETT, J., concurs.